## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| ALVINO PIZANO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHERIFF OF LAKE COUNTY, )<br>)<br>Respondent. ) | CAUSE NO. 2:06-CV-266 TLS |

### OPINION AND ORDER

Petitioner Alvino Pizano filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 31, 2006. Mr. Pizano's petition establishes that he pled guilty on July 16, 2002. His petition for writ of habeas corpus does not challenge the conviction; rather, he asserts that the trial judge imposed an erroneous sentence, causing the Indiana Department of Correction to miscalculate his release date. Mr. Pizano states that he has filed a petition for post-conviction relief with the trial judge asking him to correct the sentence. According to the petition, the trial judge has had the petition for six and a half months but has not yet ruled on it.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Mr. Pizano has initiated a challenge in state court, but has not yet exhausted his state court remedies.

There are occasions when a federal court may entertain a habeas petition where there has been inordinate delay in dealing with the petitioner's efforts to seek relief in the state courts. *See, e.g., Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (dismissal of petition for habeas corpus was erroneous where the motion for post conviction relief remained dormant in the state court for three years). To proceed to the merits of the habeas petition, the delay must be both inordinate and

unjustifiable. *Id.* Where state court delay appears to be inordinate, "the district court must hold ahearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear thehabeas petition on it merits."*Id.* There is no bright line rule that determines when a delay passes from reasonable to inordinate.  The fact that the state procedure is time-consuming is not a *per se* reason for federal intervention. *Wilson v. Rowe*, 454 F.2d 585, 587 (7th Cir. 1972).

Courts have found delays as short as seventeen months to be inordinate, *see e.g., Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970). Mr. Pizano's petition for post conviction relief, however, has not suffered inordinate delay such as those of the petitioners in *Low* ( three years) and *Dozie* (17 months). Title 28 U.S.C. § 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. The delay asserted by Mr. Pizano does not amount to inordinate delay. The state's corrective process is capable of protecting the rights of the applicant, though not as fast as the petitioner would like.

Accordingly, Mr. Pizano's petition for writ of habeas corpus corpus must be denied on its face, in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

For these reasons, the Court **DISMISSES** this petition without prejudice for failure to exhaust state court remedies. Pursuant to the decision of the United States Court of Appeals for the Seventh Circuit in *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), the Court *sua sponte*, **STRIKES** the Indiana Department of Correction, the Indiana Attorney General, and the Indiana Parole Board as respondents in this matter and substitutes the Lake County Sheriff, the petitioner's current custodian, as the respondent.

SO ORDERED on August 10, 2006.

      S/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT